IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS JEFFERY STONE, #671904 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv217 |
| DENNIS K. BLEVINS, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER DENYING EMERGENCY INJUNCTION

Plaintiff Thomas Jeffery Stone, a Texas prison inmate previously confined at the Powledge Unit, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Memorandum Opinion concerns the Plaintiff's motion for an emergency injunction (docket entry #113). He is once again seeking medical care from an outside independent retinal specialist. It is noted that his medical claim was dismissed on October 22, 2009. He is being permitted to proceed to trial only on his excessive use of force claim against Defendants Danford Taylor and Alvin Haak.

The motion is construed as a motion for a temporary restraining order and/or preliminary injunction. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at

trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.d 2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). In the present case, the Plaintiff has not and cannot satisfy all four elements since his medical claim has been dismissed. It is accordingly

**ORDERED** that the Plaintiff's motion for an emergency injunction (docket entry #113) is **DENIED**.

**So ORDERED and SIGNED this 3rd day of December, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE